The Chief Justice
delivered the opinion of the court.
This was an action of assumpsit, brought by Sanders against Hunt, for money had and received and money laid out and expended.
Upon the general issue, a verdict was found for Sanders, subject to the opinion of the court upon an agreed case, and the circuit court being of opinion that the law arising on the agreed case was for Sanders, gave judgment accordingly for the amount of the verdict. From thatjudgment Hunt has appealed to this court.
It appears from the agreed case, that Sanders and Hunt ánd two others made a joint purchase of a piece of laud, the price whereof they wfere to pay in seven annual instal-ments: that, after some improvements had been made oh the land at the joint expense of the purchasers, Sanders verbally agreed with Hunt to give him $500 for his interest in the land, reimburse him $100, his part of the expense of the improvement, and pay his proportion of the original purchase money as it should become due: that Sanders paid the aforesaid $500 and $100, and Hunt’s proportion of the first instalment of the purchase money; but some difference arising between them as to Hunt’s transferring his title to Sanders, each party paid his proportion of the second instalment, and when the third became due, Sanders being unable to pay his proportion, suit was brought *553 therefor, and the money made out of the oilier purchasers, tof which Hunt paid one third, the payment having been mmle after the commencement of this suit.
Money paid the sale of may He ^c<^vcet™^ ⅞ moneyhnij<m,i received.,
The.action of money had and rece¡veci is, ⅛ its nature> .equita-issue, admits ofsr.ydefence houidr.otre-coverasmiich ^ide 2 Btn r(pv 1010 Moses vs. Mb Fitrliwd-
The verbal contract for the sale of Hunt’s interest in the land, to Sanders, not being obligatory upon either party, there can be no doubt that Sanders may in this form of action recover the money paid by him to Hunt, or to for his benefit, in pursuance of that contract. The recovery however, ought, we. apprehend to be subject to a deduction of the amount advanced by Hunt for Sanders in the payment of the third instalment.
The circumstance of that advance having been made after the commencement of the suit, cannot we think affect his right to the deduction.
The action is in its nature an equitable one, and admits on the general issue, of every matter of defence which shews that the defendant ought not exequoet bono, to refund that which the plaintiff claims. Had Hunt after the coni-mencement of the Suit repaid to Sanders the §100 which the latter paid to the former, as a reimbursement of his ex-pences in making the improvements on the land, there could have been no question but that Sanders’ right of re-eovery would have been thereby diminished to that extent,, and there is equal reason that the advance made by Hunt for the benefit of Sanders^ in the payment of a part .of his proportion of the third' instalment should have the like ef* feet. We do not consider this advance by Hunt in the light of a set off against Sanders’ claim, but rather as an extinguishment of it so far as it is founded upon His advan-ping the money in payment of Hunt’s proportion of the first instalment.
For the advances thus made by the parties for the benefit of each other in payment of the original purchase money are connected together by originating in the same transaction, and in such a case it is only the balance which constitutes the debt really due, and recoverable by suit. But the amount advanced by Sanders for Hunt in payment of his proportion.of the first instalment, or of that advanced by Hunt for Sanders in payment of bis proportion of the third instalment, is not stated in the agreed tase, nor is there in the agreed case, any data furnished from which the amount of either can be inferred. The case agreed therefore is so imperfect that it is impossible to ascertain what Sanders is entitled to recover. And as the verdict is found subject to the. *554 Rw arising on the agreed case, it must be equally uncertain, anc* consequently the judgement for the amount of the verdict is erroneous.
Wickliffe for appellant, Haggin and Hardin for appellee.
The judgment must therefore be reversed with costs and the cause remanded, that the verdict may be set aside, andf a venire de novo awarded.